IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CASEY CATTIE, On Behalf of Herself and All Others Similarly Situated, | ) ) ) |
| *Plaintiff*, | ) COLLECTIVE ACTION ) |
| v. | ) CASE NO. _____ ) |
| CASTLEROCK HOSPITALITY EMPLOYEES LLC and CASTLEROCK HOSPITALITY MANAGEMENT LLC, d/b/a BOBBY HOTEL, | ) JUDGE _____ ) ) JURY DEMAND ) ) |
| *Defendants*. | ) |

## COLLECTIVE ACTION COMPLAINT

1. Plaintiff Casey Cattie ("Plaintiff") brings this action against Defendants Castlerock Hospitality Employees LLC and Castlerock Hospitality Management LLC, d/b/a Bobby Hotel (collectively "Bobby Hotel") to recover unpaid minimum and overtime wages, liquidated damages, attorneys' fees, and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Plaintiff asserts these FLSA claims as a collective action on behalf of herself and all similarly situated individuals, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). Bobby Hotel employed Plaintiff and numerous other bartenders and servers who it paid a tipped hourly rate lower than the minimum wage of $7.25 per hour. Plaintiff asserts that Bobby Hotel improperly paid this lower tipped hourly rate to bartenders and servers by requiring them to share their tips with barbacks who had no customer interaction.

2. Plaintiff also seeks to recover accrued paid time off (PTO) hours, which Plaintiff earned through her employment and which Bobby Hotel agreed to pay to her in the event she was not terminated for cause. Bobby Hotel also agreed to pay such paid time off to other similarly situated employees in the same manner. Plaintiff was laid off by Bobby Hotel due to its financial

1

condition, but she was not paid for all accrued PTO hours. Plaintiff therefore asserts a claim for breach of contract and, in the alternative, unjust enrichment, on her own behalf and on a collective basis as a supplement to the FLSA claims on behalf of those individuals who join this action pursuant to 29 U.S.C. § 216(b) who also were terminated without cause on or after the date on which Plaintiff was terminated without cause, in accordance with *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 581 (6th Cir. 2009), which held that employees with only supplemental claims can be part of a collective action.

## I. JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's claims under the FLSA because they are brought pursuant to 29 U.S.C. § 216(b) and because they raise a federal question pursuant to 28 U.S.C. § 1331.

4. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because Bobby Hotel conducts business in this judicial district and because the claims arose in this judicial district.

5. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because the state law claims are so related to the FLSA claims that they form part of the same case or controversy.

## II. PARTIES

**A.    Plaintiff**

6. Plaintiff Casey Cattie is over the age of nineteen (19) and is a resident of Nashville, Davidson County, Tennessee. Plaintiff was employed by Bobby Hotel as a server from January 2019 until she was informed that she was being laid off by Bobby Hotel because of its own financial condition on or around March 17, 2020. Plaintiff's employment was therefore not

2

Case 3:20-cv-00237    Document 1    Filed 03/19/20    Page 2 of 10 PageID #: 2

terminated for cause.

**B.      Defendants**

7. Defendants Castlerock Hospitality Employees LLC and Castlerock Hospitality Management LLC, d/b/a Bobby Hotel, are both Tennessee limited liability companies which own and operate the Bobby Hotel located in Nashville, Tennessee where Plaintiff and those she seeks to represent worked as bartenders and servers.

8. Defendants employed individuals who are engaged in interstate commerce and/or in the production of goods for interstate commerce.

9. Defendants have at all relevant times been employers under the FLSA.

### III. FACTS

10. Plaintiff and those she seeks to represent in this action were employed as servers and bartenders for Bobby Hotel.

11. Bobby Hotel paid Plaintiff and other servers and bartenders an hourly wage below $7.25. Typically, they earned $4.15 per hour. During special events and banquets, servers were paid $6.00 per hour. Bartenders with whom Plaintiff worked along side were also paid $6.00 per hour.

12. In seeking to comply with the FLSA mandate that employees receive a minimum wage of $7.25 per hour, Bobby Hotel purported to utilize a "tip credit" for each hour worked by Plaintiff and other servers and bartenders. *See* 29 U.S.C. § 203(m). For example, the "tip credit" for Plaintiff as a server was $3.10 ($7.25 – $4.15 = $3.10) for each hour worked.

13. Plaintiff and other bartenders and servers were required to share tips with barbacks, who have no customer interaction, whose sole responsibility is stocking the bar area, and who are paid in excess of the $7.25 statutorily mandated minimum wage.

3

14. Additionally, Bobby Hotel agreed to pay its employees all accrued PTO hours they had earned during their employment so long as they were not terminated for cause or good reason.

15. Bobby Hotel laid Plaintiff off due to Bobby Hotel's financial condition on or about March 17, 2020. The termination of Plaintiff's employment was not for cause or good reason.

16. Bobby Hotel has not paid Plaintiff for all accrued PTO hours in accordance with its agreement.

17. Like Plaintiff, other servers and bartenders were also laid off by Bobby Hotel on or after March 17, 2020 due to Bobby Hotel's financial condition and did not receive payment for their accrued PTO hours.

18. Plaintiff and other servers and bartenders relied on Bobby Hotel's promise and representation that it would pay all agreed PTO hours and by failing to pay Plaintiff and other servers and bartenders, Bobby Hotel has received the benefit of their work already performed without compensating them for the accrued PTO which they earned and were entitled to be paid.

## IV. COLLECTIVE ACTION ALLEGATIONS

19. Plaintiff asserts her FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following individuals:

> All current and former servers and bartenders employed by Bobby Hotel at any time since March 19, 2020.

20. Plaintiff's claims should proceed as a collective action because Plaintiff and other similarly situated servers and bartenders, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

21. Plaintiff also asserts claims for breach of contract and, in the alternative, unjust enrichment on a collective basis on behalf of those members of the collective class definition above

4

Case 3:20-cv-00237   Document 1   Filed 03/19/20   Page 4 of 10 PageID #: 4

whose employment was terminated on or after March 17, 2020 and who were not paid for all accrued PTO hours earned. This claim is suitable for collective treatment under *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 581 (6th Cir. 2009), which held that employees with only supplemental claims can be part of a collective action, and subsequent cases from within this district permitting the assertion of supplemental claims on a collective basis.

## V. CAUSES OF ACTION

**VIOLATION OF THE MINIMUM AND OVERTIME WAGE REQUIREMENTS OF THE FLSA**

22. All previous paragraphs are incorporated as though fully set forth herein.

23. Plaintiff asserts her FLSA claim on behalf of herself and all similarly situated individuals in the collective class definition above who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

24. Plaintiff and similarly situated servers and bartenders are employees of Bobby Hotel entitled to the FLSA's protections.

25. Bobby Hotel is an employer covered by the FLSA.

26. The FLSA entitles employees to a minimum hourly wage of $7.25 for every hour worked. 29 U.S.C § 206(a).

27. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay for hours over 40 in a workweek. 29 U.S.C. § 207.

28. While restaurants and bars may utilize a "tip credit" to satisfy their minimum wage obligations to tipped employees, they forfeit the right to do so when certain requirements are not met. *See* 29 U.S.C. §§ 203(m) and 203(t).

29. Employers may take a tip credit and pay tipped employees a lower tipped hourly

5

rate so long as employees receive proper notice of the tip credit and receive tips sufficient to equal $7.25 per hour for every regular hour worked (*i.e.*, hours worked up to 40 in a workweek) and $10.88 per hour—*i.e.*, one and one-half times the full $7.25 per hour statutory minimum wage—for every hour worked in excess of 40 in a workweek. *See* 29 U.S.C. § 203(m).

30. Restaurants and bars forfeit the tip credit when they require tipped employees—like Bobby Hotel's servers and bartenders—to share tips with non-tipped employees who have no customer interaction.

31. By requiring Plaintiff and other servers and bartenders to share tips with barbacks, who had no customer interaction, solely stocked the bar, and earned in excess of the $7.25 statutory minimum wage as a direct hourly wage paid by Bobby Hotel, Bobby Hotel has forfeited its right to utilize the "tip credit" in satisfying their minimum and overtime wage obligations to Plaintiff and similarly situated servers and bartenders.

32. As such, Bobby Hotel has violated the FLSA's minimum and overtime wage mandate by paying Plaintiff and similarly situated servers and bartenders an hourly wage below $7.25 for regular hours worked and below $10.88 for hours over 40 in a workweek.

33. In violating the FLSA, Bobby Hotel has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

**BREACH OF CONTRACT**

34. All previous paragraphs are incorporated as though fully set forth herein.

35. Plaintiff asserts her breach of contract claim on behalf of herself and those members of the collective action who file consent forms to join pursuant to 29 U.S.C. § 216(b), who were terminated on or after March 17, 2020 without cause and not paid for their accrued PTO hours as a supplement to the collective FLSA claims in this action.

36. Plaintiff and the other servers and bartenders she seeks to represent were employees of Bobby Hotel.

37. It was a term of their employment agreement with Bobby Hotel that they would accrue PTO time based on their work pursuant to Bobby Hotel's PTO policy.

38. Bobby Hotel agreed to pay employees terminated without cause for all accrued PTO earned by these employees pursuant to its PTO policy.

39. On and after March 17, 2020, Plaintiff and other servers and bartenders were laid off due to Bobby Hotel's financial condition and not for cause.

40. Accordingly, under their employment agreements, Bobby Hotel is required to pay Plaintiff and these other servers and bartenders who were terminated without cause all accrued PTO time they had earned.

41. Bobby Hotel has not paid Plaintiff and these other servers and bartenders their accrued PTO time, which they earned, thereby breaching its agreements with Plaintiff and these other servers and bartenders.

42. As a result of this breach, Plaintiff and these other servers and bartenders have suffered damages in the amount of the accrued PTO time they each earned.

## UNJUST ENRICHMENT
### (In the Alternative to Breach of Contract)

43. All previous paragraphs are incorporated as though fully set forth herein.

44. Plaintiff asserts her unjust enrichment claim in the alternative to her breach of contract claim.

45. Plaintiff asserts her unjust enrichment claim on behalf of herself and those members of the collective action who file consent forms to join pursuant to 29 U.S.C. § 216(b), who were terminated on or after March 17, 2020 without and not paid for their accrued PTO hours as a

supplement to the collective FLSA claims in this action.

46. Plaintiff and the other servers and bartenders she seeks to represent were employees of Bobby Hotel.

47. As part of their employment by Bobby Hotel, Plaintiff and the other servers and bartenders she seeks to represent earned PTO time by performing work pursuant to Bobby Hotel's PTO policy.

48. Bobby Hotel represented that it would pay all employees not terminated for cause for the accrued PTO time they had earned upon the termination of their employment.

49. On and after March 17, 2020, Plaintiff and other servers and bartenders were laid off due to Bobby Hotel's financial condition and not for cause.

50. However, Bobby Hotel has not paid Plaintiff and these other servers and bartenders it laid off without cause for the accrued PTO they earned.

51. Plaintiff and these other servers and bartenders relied on Bobby Hotel's promise and representation that it would pay them for all accrued PTO time they had earned to their detriment.

52. As a result, Bobby Hotel has received the benefit of the work Plaintiff and these other servers and bartenders have performed in earning the accrued PTO, but Bobby Hotel has not paid them for it.

53. Thus, Bobby Hotel has been unjustly enriched at the expense of Plaintiff and these other servers and bartenders in the amount of the accrued PTO they have earned but were not paid upon the termination of their employment without cause.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief on behalf of herself and all others

8

similarly situated:

    A.    An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

    B.    Prompt notice of this litigation, pursuant to 29 U.S.C. § 216(b), to all similarly situated employees;

    C.    A finding that Defendants have violated the FLSA;

    D.    A finding that Defendants' FLSA violations are willful;

    E.    A judgment against Defendants and in favor of Plaintiff and all similarly situated employees for compensation for all unpaid and underpaid wages that Defendants have failed and refused to pay in violation of the FLSA;

    F.    A finding that Defendants have breached their agreements with Plaintiff and other similarly situated employees who were laid off but not paid for accrued PTO they earned as set forth in this complaint;

    G.    A judgment against Defendants and in favor of Plaintiff and other similarly situated employees who were laid off but not paid for accrued PTO they earned as set forth in this complaint in the amount of the unpaid accrued PTO they earned as a result of Defendants' breach of contract;

    H.    A finding that Defendants have been unjustly enriched at the expense of Plaintiff and other similarly situated employees who were laid off but not paid for accrued PTO they earned as set forth in this complaint;

    I.    A judgment against Defendants and in favor of Plaintiff and other similarly situated employees who were laid off but not paid for accrued PTO they earned as set forth in this complaint in the amount of the unpaid accrued PTO they earned as a result of

Defendants' being unjustly enriched at their expense;

J.      Pre- and post-judgment interest to the fullest extent permitted under the law;

K.      Liquidated damages to the fullest extent permitted under the FLSA;

L.      Litigation costs, expenses, and Plaintiff's attorneys' fees to the fullest extent permitted under the FLSA, the common law of Tennessee, and the Federal Rules of Civil Procedure; and,

M.      Such other and further relief as this Court deems just and proper in equity and under the law.

### VII. JURY DEMAND

Plaintiff demands a jury as to all claims so triable.

Date: March 19, 2020

Respectfully submitted,

/s/ David W. Garrison
**DAVID W. GARRISON (TN Bar No. 24968)**
**JOSHUA A. FRANK (TN Bar No. 33294)**
BARRETT JOHNSTON MARTIN & GARRISON, LLC
PHILIPS PLAZA
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com

*Attorneys for Plaintiff*