# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CASEY CATTIE, On Behalf of Herself and All Others Similarly Situated, | )<br>)<br>) |
| *Plaintiffs,* | ) COLLECTIVE ACTION<br>) |
| v. | ) CASE NO. 3:20-cv-00237<br>) |
| CASTLEROCK HOSPITALITY EMPLOYEES LLC and CASTLEROCK HOSPITALITY MANAGEMENT LLC, d/b/a BOBBY HOTEL, | ) JUDGE CAMPBELL<br>)<br>) JURY DEMAND<br>)<br>) |
| *Defendants.* | ) |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made by and between Castlerock Hospitality Employees LLC and Castlerock Hospitality Management LLC (collectively referred to herein as the "Company") and the Named Plaintiff Casey Cattie ("Named Plaintiff") and the class of Plaintiffs who have opted into this lawsuit she represents (collectively "Plaintiffs").

## RECITALS

WHEREAS, Named Plaintiff Cattie filed a lawsuit against the Company on March 19, 2020 in the United States District Court for the Middle District of Tennessee, with the lawsuit having case number 3:20-cv-00237 (the "Lawsuit");

WHEREAS, Named Plaintiff asserted claims against the Company in the Lawsuit under the Fair Labor Standards Act of 1938 ("FLSA") on behalf of herself and those who are allegedly similarly situated to her;

WHEREAS, the Company denies any violations of law and denies any liability to Named Plaintiff and those she represents in this action;

WHEREAS, the Parties negotiated a resolution to Named Plaintiff's claim for conditional class certification and notice, pursuant to 216(b) of the FLSA, and the Court approved of such an agreement on May 13, 2020 (Doc. No. 27);

WHEREAS, notice was issued to all similarly situated servers and bartenders who worked for the Company during the applicable time period, and ultimately, thirty-eight (38) Plaintiffs filed their FLSA claims in this action, including Named Plaintiff Cattie;

1

WHEREAS, the Parties hereto wish to resolve Plaintiffs' claims asserted in the Lawsuit and settle these claims in a manner that will avoid the need for further litigation of those claims, and to reach such a resolution the Parties retained Michael Russell to conduct a mediation of this matter on October 28, 2020 ("Mediation");

WHEREAS, the Parties engaged in the Mediation, and while they did not reach agreement to resolve this matter during said Mediation, they continued their negotiations following the Mediation, and have reached this Agreement, subject to Court approval,

NOW THEREFORE, in consideration of material covenants and promises contained herein, the parties agree as follows:

1. **Consideration.** The Company agrees to pay the total sum of Forty-Five Thousand Dollars ($45,000.00) in consideration for Plaintiffs' release of their claims, as set forth in this Agreement. The consideration shall be paid as follows:

   (i) Twenty-Four Thousand Dollars ($24,000.00) to Plaintiffs for unpaid minimum and overtime wages and liquidated damages allegedly due under the FLSA, in the individual amounts set forth in Attachment A.

   (ii) One Thousand Dollars ($1,000.00) to Named Plaintiff Cattie as a service payment for her role as the representative plaintiff in the lawsuit ("Service Payment"). This payment is not for wages, and Named Plaintiff Cattie shall receive an IRS Form 1099 for this payment.

   (ii) Twenty Thousand Dollars ($20,000.00) to Barrett, Johnston, Martin & Garrison, LLC, for attorneys' fees and costs. This represents payment for all fees and costs incurred by Plaintiffs' counsel through payment of the consideration set forth in this Section and dismissal of the Lawsuit as set forth in Section 5 below.

Plaintiffs may move for Court approval of this Agreement following its execution, in accordance with 216(b) of the FLSA, and the Company agrees to not oppose such a motion.

The payments above shall be made within sixty (60) days of the Court's Approval Order, pursuant to Plaintiffs' unopposed motion for approval of settlement to be filed with the U.S. District Court for the Middle District of Tennessee no later than November 10, 2020. The payments shall be made by delivery of payment to Plaintiffs' counsel's office.

Plaintiffs acknowledge that, but for the execution of this Agreement, they would not be entitled to receive this monetary consideration or other consideration provided for in this Agreement. Plaintiffs agree to pay any and all taxes, interest or penalties determined by appropriate taxing authorities to be owed by them. However, the Company shall be responsible for the employer's share of any tax liability on the amounts designated as back wages.

2

Plaintiffs further agree that the consideration stated herein fully compensates them for any and all alleged back wages, overtime wages, damages, attorneys' fees, and costs, and that they neither seek nor are entitled to any further wages, pay, overtime compensation, attorneys' fees or relief. The parties acknowledge the adequacy of consideration provided herein by each to the other, that this is a legally binding document, and that they intend to comply with and be faithful to its terms.

2. **Court Approval.** Following the execution of this Agreement, Plaintiffs shall file a motion for approval of the terms of this Agreement. The Parties will cooperate and take all necessary steps to effect final judicial approval of this Agreement, including the Company agreeing that Plaintiffs may represent in their Motion that Defendants do not oppose the Motion. The parties expressly agree that the terms of this Agreement are fair and equitable, and to the extent that Plaintiffs' counsel is required to petition the Court for approval of the reasonableness and amount of the attorneys' fees and costs to be paid under this Agreement, the Company does not oppose and agrees not to oppose the amount of Plaintiffs' attorneys' fees and costs as stated in Section 1 above.

3. **Releases.** In exchange for the payments set forth above, and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiffs hereby **RELEASE, REMISE, AND FOREVER DISCHARGE** the Company, its former and current trustees, officers, administrators, agents, attorneys, employees, personally and in their respective capacities, and any other person or entity representing or succeeding to any such person or entity, from any and all claims, demands, rights, charges, actions, interests, debts, liabilities, damages, costs, attorneys' fees and expenses, or causes of action of whatever type or nature for unpaid wages, whether legal or equitable, whether known or unknown to him/her which he/she may now have against them, either individually, jointly, or severally, his/her individual claims under the Fair Labor Standards Act for payment of hours worked up to the date of this Agreement, all liquidated damages that Plaintiffs may be entitled to under the FLSA, all attorney's fees and costs that Plaintiffs may be entitled to under the FLSA, all other claims asserted under state law in the Lawsuit, and all other claims relating to payment of wages, compensation, and/or overtime.

In exchange for the Service Payment provided to Named Plaintiff Cattie, under this agreement, the Named Plaintiff hereby irrevocably and unconditionally forever and fully releases and covenants not to sue Defendants and Released Parties from any and all claims, causes of actions, demands, debts, obligations, damages or liability, whether or not asserted in this Lawsuit, whether known or unknown, arising from or during the Named Plaintiffs' employment or resulting from the termination of the Named Plaintiffs' employment with Defendants, including but not limited to any and all claims under Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act of 1967, the National Labor Relations Act, as amended, the Civil Rights Act of 1866 and 1991, as amended, Sections 1981 through 1988 of Title 42 of the United States Code, as amended, the Employee Retirement Income Security Act of 1974, as amended, the Immigration Reform Control Act, as amended, the Occupational Safety and Health Act, as amended, the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Act Amendments Act of 2008, the Sarbanes-Oxley Act, the Family and Medical Leave Act of 1993, as amended, the Equal Pay Act, the Consolidated Omnibus Budget Reconciliation Act, as amended, any claim under Tennessee common law, Tennessee statutory law, and any other

United States federal, state, local, or foreign, civil rights, human rights, bias, wage-hour, pension or other law, regulation or executive order, and claims for any other type of discrimination, defamation, whistleblower activities, additional compensation or fringe benefits, breach of contract, violation of public policy, wrongful, retaliatory or constructive discharge, and any and all rights to or claims for continued employment, attorneys' fees or damages (including contract, compensatory, punitive or liquidated damages), or equitable relief. Notwithstanding this General Release, the Named Plaintiff is not releasing any claims or causes of action against Defendants that she has or may have under Tennessee worker's compensation laws, other than claims for retaliation or discrimination under such laws or related in any way to her filing a worker's compensation claim.

4. **Parties Released.** Named Plaintiff acknowledges that this Agreement and the release provision in Section 3 above apply to and protect in all respects the Company, including past, current and future parent companies, related companies, successors and assigns, owners, officers, directors, agents, employees, and insurers of any such entities ("Released Parties").

5. **Filing of Notices of Dismissal With Prejudice.** Within seven (7) days of receipt of the consideration set forth in Section 1, the parties agree to file a Stipulation of Dismissal With Prejudice with the Court, unless the Court has already entered an order dismissing the lawsuit with prejudice.

6. **Modification.** No modification, amendments, cancellation, deletion, addition, extension, or other changes in this Agreement shall be effective for any purpose unless specifically set forth in a written agreement signed by Named Plaintiff and the Company. This Agreement constitutes a single, integrated written agreement containing the entire understanding between Plaintiffs and the Company regarding the subject matter hereof and supersedes and replaces any and all prior agreements and understandings, written or oral.

7. **Non-Admissions.** This Agreement does not constitute an admission by any party to the Agreement that they have violated any law or statute, and all parties specifically deny any such violation occurred.

8. **Severability and Waiver.** The parties agree that the covenants of this Agreement are severable and that if any single clause or clauses shall be found unenforceable, the entire Agreement shall not fail but shall be construed and enforced without any severed clauses in accordance with the terms of this Agreement. The parties also agree that any failure by any party to enforce any right or privilege under this Agreement shall not be deemed to constitute waiver of any rights and privileges contained herein. The terms of this Agreement are to be construed under the laws of the State of Tennessee.

9. **Voluntary and Knowing.** This Agreement is executed voluntarily and without any duress or undue influence on the part or behalf of the parties thereto.

10. **Binding Agreement.** This Agreement shall be binding upon, and inure to the benefit of, the parties and their affiliates, beneficiaries, heirs, executors, administrators, successors, and assigns.

11. **Entire Agreement.** This Agreement constitutes the entire agreement of the parties concerning the subjects included herein.

12. **Certification.** The signatories to this Agreement certify that they are authorized to sign on behalf of their respective parties.

13. **Counterparts.** The parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the parties had signed the same instrument.

**PLAINTIFF:**

*Casey Cattie*
Casey Cattie

Date: 11/6/2020

**DEFENDANTS:**

Castlerock Hospitality Employees LLC

By: _____
Greg Merrick
Title: Chief People Officer

Date: 11/05/2020

Castlerock Hospitality Management LLC

By: _____
Greg Merrick
Title: Chief People Officer

Date: 11/05/2020

5

|    | Last Name   | First Name   | Wages       | Liquid.     | Service Payment | Total       |
|----|-------------|--------------|-------------|-------------|-----------------|-------------|
| 1  | Abrams      | Samantha     | $64.56      | $64.57      | $0.00           | $129.13     |
| 2  | Amundson    | Quentin Lee  | $14.89      | $14.89      | $0.00           | $29.78      |
| 3  | Autry       | Paige        | $122.10     | $122.11     | $0.00           | $244.21     |
| 4  | Banks       | Danny D      | $26.54      | $26.54      | $0.00           | $53.08      |
| 5  | Brennan     | Martin M     | $62.23      | $62.23      | $0.00           | $124.46     |
| 6  | Bruce       | Rylie        | $132.84     | $132.84     | $0.00           | $265.68     |
| 7  | Cattie      | Casey L      | $815.97     | $815.98     | $1,000.00       | $2,631.95   |
| 8  | Chavez      | Mia D        | $311.61     | $311.61     | $0.00           | $623.22     |
| 9  | Claudette   | Silber       | $39.62      | $39.62      | $0.00           | $79.24      |
| 10 | Crowder     | Delaney S    | $502.49     | $502.50     | $0.00           | $1,004.99   |
| 11 | Destafano   | Andrew C     | $136.54     | $136.55     | $0.00           | $273.09     |
| 12 | French      | Elijah M     | $72.05      | $72.06      | $0.00           | $144.11     |
| 13 | Gaskin      | Ashley G     | $151.16     | $151.17     | $0.00           | $302.33     |
| 14 | Gaus        | Emily B      | $229.81     | $229.82     | $0.00           | $459.63     |
| 15 | Grijalva    | Jacob M      | $414.14     | $414.15     | $0.00           | $828.29     |
| 16 | Gunderson   | Elizabeth    | $228.31     | $228.31     | $0.00           | $456.62     |
| 17 | Hendrickson | Lawrence C   | $180.70     | $180.70     | $0.00           | $361.40     |
| 18 | Hoberg      | Megan B      | $276.32     | $276.32     | $0.00           | $552.64     |
| 19 | Huff        | Jozy B       | $738.80     | $738.80     | $0.00           | $1,477.60   |
| 20 | Jacobsen    | Natalie J    | $35.65      | $35.65      | $0.00           | $71.30      |
| 21 | Joyce       | Samantha     | $1,208.21   | $1,208.21   | $0.00           | $2,416.42   |
| 22 | Layton      | Christy      | $24.32      | $24.32      | $0.00           | $48.64      |
| 23 | Mack        | Brian J      | $900.59     | $900.59     | $0.00           | $1,801.18   |
| 24 | McNulty     | Sheena L     | $459.82     | $459.83     | $0.00           | $919.65     |
| 25 | Olejnik     | Natalia E    | $387.62     | $387.62     | $0.00           | $775.24     |
| 26 | Paredes     | Stephany Y   | $320.21     | $320.22     | $0.00           | $640.43     |
| 27 | Pendergast  | Ryan         | $395.91     | $395.91     | $0.00           | $791.82     |
| 28 | Perkins     | Edward       | $508.46     | $508.46     | $0.00           | $1,016.92   |
| 29 | Richmond    | Dominique M  | $54.58      | $54.59      | $0.00           | $109.17     |
| 30 | Richter     | Hailey J     | $165.98     | $165.99     | $0.00           | $331.97     |
| 31 | Ridley      | Hailey E     | $105.11     | $105.12     | $0.00           | $210.23     |
| 32 | Ross        | Brooke       | $12.50      | $12.50      | $0.00           | $25.00      |
| 33 | Ryan        | Savannah J   | $561.39     | $561.40     | $0.00           | $1,122.79   |
| 34 | Sibrel      | Jacquelyn L  | $365.36     | $365.37     | $0.00           | $730.73     |
| 35 | Stonner     | Hadley P     | $12.67      | $12.67      | $0.00           | $25.34      |
| 36 | Taylor      | Karen B      | $566.20     | $566.21     | $0.00           | $1,132.41   |
| 37 | Ware        | Jessica J    | $380.00     | $380.01     | $0.00           | $760.01     |
| 38 | Zapico      | Miriam H     | $1,014.65   | $1,014.65   | $0.00           | $2,029.30   |
|    | **TOTAL**   |              | $11,999.91  | $12,000.09  | $1,000.00       | $25,000.00  |

## ATTACHMENT A

**INSERT TABLE HERE**

The payments listed in the "Wages" column above shall be subject to applicable withholdings and deductions. The payments listed in the "Liquidated Damages" column above are not wages, and no withholdings or deductions shall be made for such payments. Plaintiffs shall receive an IRS Form 1099 for the Liquidated Damages payments. Named Plaintiff shall receive an IRS Form 1099 for the Service Payment listed in the "Service Payment" column.